Filed 12/27/22  P. v. Robles CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSE ROBLES,<br><br>    Defendant and Appellant. | B310393<br><br>(Los Angeles County<br>Super. Ct. No. TA106590) |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Reversed and remanded with directions.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jesse Robles, who was convicted of first degree murder in 2011, appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  He contends the trial court erred in denying his petition without issuing an order to show cause and conducting an evidentiary hearing.  We agree.  His record of conviction, including the jury's true findings on felony-murder and gang-murder special circumstance allegations, does not show he is ineligible for relief under section 1172.6 as a matter of law.  Accordingly, we reverse the order and remand the matter for further proceedings.

BACKGROUND

## I.    Trial and Direct Appeal

### A.    The charges

As relevant to the proceedings before us, Robles and his codefendants, brothers Hector Prieto and Jose Prieto,[2] were charged with three counts of murder (§ 187, subd. (a)) and one count of second degree robbery (§ 211) against an additional victim.  As to the murders, the third amended information, filed February 22, 2011 (hereafter referred to as "the information"), alleged three special circumstances:  multiple murders (§ 190.2, subd. (a)(3)); felony murder (§ 190.2, subd. (a)(17)); and gang

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  Robles filed his petition prior to this renumbering, and he therefore referred to the statute as section 1170.95 in his petition.  In this opinion, for the sake of consistency, we refer to the statute by its current designation, section 1172.6.

Undesignated statutory references are to the Penal Code.

[2] Hereafter, we refer to Robles's codefendants by their first names to avoid confusion.

2

murder (§ 190.2, subd. (a)(22) ["The defendant intentionally killed the victim while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22, and the murder was carried out to further the activities of the criminal street gang"]). As to the gang-murder special circumstance, the information alleged, in pertinent part, "that a principal intentionally killed [the victims], and that the defendant, Hector Martin Prieto, intended to kill [the victims] while the defendants were active participants in a criminal street gang and the murders were carried out to further the activities of the criminal street gang." (Internal capitalization omitted.)

The information also alleged as to the murders that Hector personally and intentionally discharged a handgun, causing the death of the three victims (§ 12022.53, subd. (d)), and a principal personally and intentionally discharged a handgun, causing the death of the three victims (§ 12022.53, subd. (e)(1)). As to the robbery count, the information alleged Jose personally used a handgun. (§ 12022.53, subd. (b).) The information alleged all offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C).

## B. The trial

Robles, Hector, and Jose were tried together.

### 1. The crimes

We provide a brief account of the facts and circumstances of the crimes to provide context for our legal analysis on the issue before us. We derive this account from the opinion in Robles's and Jose's direct appeal, as the parties to the present appeal did in their appellate briefing. Our legal analysis does not depend upon an interpretation of the facts and circumstances of the

3

crimes; rather, it is dependent upon the procedural record of the case (e.g., jury instructions given, and verdicts rendered).

On March 29, 2009, when the crimes occurred, 22-year-old Jose, 19-year-old Hector, and 19-year-old Robles (collectively, the defendants) were members of the same gang. That morning, Jose and Hector discussed plans to commit a robbery to raise money to bail their mother out of jail. Robles was present during the discussion. According to Jesus Saldana, a fellow gang member who was also present during this discussion and who testified at trial, Robles agreed to help Jose and Hector and told them, " 'I got your back.' " (*People v. Prieto* (Nov. 30, 2012, B233309) [nonpub. opn.], pp. 4-5 (*Prieto*).)

The same evening, Robles drove Hector in his (Robles's) pickup truck and parked at a corner, near the apartment of Andrew Williams, a marijuana dealer. A woman named Rosa Avila, who testified at trial, drove Jose in her car and parked behind Robles. According to the prosecution's gang expert, Williams's apartment was located in an area the defendants' gang had recently claimed as part of its territory; the area was previously claimed by another gang. (*Prieto, supra*, B233309, pp. 5, 8, 12.)

At around 7:00 p.m., Hector exited Robles's truck and walked to Williams's apartment. Jose exited Avila's car and waited outside, near the front door of Williams's apartment. Robles and Avila waited in their vehicles. According to Saldana, who testified at trial about a conversation he had with Hector after the shooting, Hector knocked on the apartment door and a man (Williams) answered. Hector asked the man for a $20 " 'sack' " of marijuana. When the man turned around, Hector shot him in the head and killed him. Next, Hector shot in the

4

head and killed another man (Ronald Carter), who was sitting on a couch. Finally, Hector shot a woman (Sinecia Miller) in the head and killed her in the apartment. Hector took $4,000-$5,000 and some marijuana and left the apartment. (*Prieto, supra*, B233309, pp. 5-6, 8.)

Reginald Kemp, who testified at trial, was walking toward Williams's apartment, on his way to purchase marijuana, when he heard gunshots. A man Kemp later identified as Jose was standing near the front door of Williams's apartment. Jose approached Kemp, pointed a handgun at him, and asked, " 'What do you got?' " Jose grabbed Kemp's money, and Kemp ran away. (*Prieto, supra*, B233309, pp. 5-6.)

Hector returned to Robles's truck, and Jose returned to Avila's car. They drove to Avila's apartment complex. After they arrived, Avila saw Hector, Jose, and Robles " 'high-fiving' " several other men. Late in the evening, the same day the crimes were committed, Hector posted bond for his mother, and she was released from jail the following morning. (*Prieto, supra*, B233309, pp. 6-7.)

The prosecution's gang expert opined that Hector, Jose, and Robles were members of a criminal street gang; and that hypothetical crimes, mirroring the facts of this case as presented through the prosecution's evidence, would have been committed for the benefit of a criminal street gang. The defense's gang expert opined that the hypothetical crimes would have been committed, not for the benefit of a gang, but to bail the mother out of jail. (*Prieto, supra*, B233309, pp. 11-15.)

### 2. Jury instructions

At trial, the prosecution presented two theories of first degree murder: (1) willful, deliberate and premeditated murder,

5

with Jose and Robles directly aiding and abetting Hector in the murders, and (2) felony murder, with Jose and Robles directly aiding and abetting a robbery Hector committed at Williams's apartment.  The trial court instructed the jury on both theories.

The trial court also instructed the jury on each of the special circumstance allegations and explained to the jurors that they "must consider each special circumstance separately for each defendant."  (CALCRIM No. 700.)  The court used CALCRIM No. 703 to explain to the jury how to make a determination on the felony-murder special circumstance alleged against a defendant whom the jury found was not the actual killer:

"If you decide that any defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of *Murder While Engaged in the Commission of Robbery*, you must also decide whether the defendant acted either with intent to kill or with reckless indifference to human life.

"In order to prove this special circumstance for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor, the People must prove either that the defendant intended to kill, or the People must prove all of the following:

"1. The defendant's participation in the crime began before or during the killing;

"2. The defendant was a major participant in the crime;
"AND

"3. When the defendant participated in the crime, he acted with reckless indifference to human life.

6

"A person acts with reckless indifference to human life when he knowingly engages in criminal activity that he knows involves a grave risk of death.

"The People do not have to prove that the actual killer acted with intent to kill or with reckless indifference to human life in order for the special circumstance of *Murder in the Commission of a Robbery* to be true.

"If you decide that any defendant is guilty of first degree murder, but you cannot agree whether the defendant was the actual killer, then, in order to find this special circumstance true, you must either find that the defendant acted with intent to kill or you must find that the defendant acted with reckless indifference to human life and was a major participant in the crime.

"If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with either the intent to kill or with reckless indifference to human life and was a major participant in the crime for the special circumstance of *Murder While Engaged in the Commission of a Robbery* to be true. If the People have not met this burden, you must find this special circumstance has not been proved true for that defendant." (Italics added.)

Using CALCRIM No. 736, the trial court instructed the jury as follows on the gang-murder special circumstance:

"The defendants are charged, in connection with Counts One, Two, and Three, with the Special Circumstance of Committing Murder While An Active Participant In A Criminal Street Gang in violation of Penal Code section 190.2(a)(22).

"To prove that this special circumstance is true, the People must prove that:

7

"1. The defendant intentionally killed Andrew Williams (Count One), Ronald Carter (Count Two), and S[i]necia Miller (Count Three);

"2. At the time of the killing, the defendant was an active participant in a criminal street gang;

"3. The defendant knew that members of the gang engaged in or have engaged in a pattern of criminal gang activity;

"AND

"4. The murder was carried out to further the activities of the criminal street gang.

"Active participation means involvement with a criminal street gang in a way that is more than passive or in name only.

"The People do not have to prove that the defendant devoted all or a substantial part of his time or effort to the gang, or that he was an actual member of the gang.

"A criminal street gang is defined in another instruction, namely instruction number 1401, to which you should refer."

The trial court did not explain to the jury how to make a determination on this special circumstance if the jury found the defendant was not the actual killer like the court did when it instructed the jury on the felony-murder special circumstance.

### 3. Verdicts and sentence

The jury found Robles guilty of three counts of first degree murder as well as the robbery of Kemp (the man Jose confronted outside Williams's apartment). As to the murders, the jury made true findings against Robles on the three special circumstances: multiple murders (§ 190.2, subd. (a)(3)); felony murder (§ 190.2, subd. (a)(17)); and gang murder (§ 190.2, subd. (a)(22)). The felony-murder special circumstance findings state, as to each count of murder: "We further find the allegation that the murder

8

of [the victim] was committed by the defendant JESSE ROBLES, while the defendant was engaged in the commission of the crime of robbery in violation of Penal Code Section 211 and 212.5, within the meaning of Penal Code Section 190.2(a)(17) to be true." The gang-murder special circumstance findings state, as to each count of murder: "We further find the allegation that the defendants intentionally killed [the victim] while the defendants were active participants in a criminal street gang as defined in subsection (f) of Penal Code Section 186.22 and the murder was carried out to further the activities of the criminal street gang within the meaning of Penal Code section 190.2(a)(22) to be true." The jury also made true findings against Robles as to each murder count that a principal personally and intentionally discharged a handgun which proximately caused death to [the victim] (§ 12022.53, subd. (e)(1)), and as to all counts that the offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). The jury also found Hector and Jose guilty of these offenses with true findings on the special allegations.

The trial court sentenced Robles (and Jose) to three consecutive terms of life without the possibility of parole for the three first-degree, special-circumstance murders, plus 25 years to life on each of the murder counts for the firearm enhancement.[3] The court also sentenced Robles (and Jose) to a consecutive term

_____

[3] Hector's case was tried as a capital case, and during the penalty phase, the jury was unable to reach consensus as to his punishment.

9

of three years for the robbery of Kemp, plus 10 years for the gang enhancement.[4]

### 4. Direct appeal

Jose and Robles appealed from their judgments of conviction, raising contentions not germane to the matter before us. We modified the judgments to reflect Jose's and Robles's joint and several liability for victim restitution, and as to Robles, to reflect the correct statutory provision for the firearm enhancement (§ 12022.53, subd. (e)(1)). As so modified, we affirmed the judgments. (*Prieto*, *supra*, B233309, p. 42.)

## II. Robles's Section 1172.6 Petition

In 2018, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).) Senate Bill No. 1437 amended sections 188 (defining malice) and 189 (felony murder) and added section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

---

[4] For the robbery of Kemp, the trial court sentenced Jose to an additional, consecutive 10-year term for his personal use of a handgun.

10

On July 30, 2020, Robles filed a form petition for resentencing under former section 1170.95, now section 1172.6. In the petition, he checked boxes stating, in pertinent part, he was convicted of first degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and he could not now be convicted of that crime because of changes to sections 188 and 189, effective January 1, 2019. More specifically, he checked boxes stating he "was not the actual killer"; he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree"; and he "was not a major participant in the felony or [he] did not act with reckless indifference to human life during the course of the crime or felony." (Bold and underlining omitted.) He also checked the box requesting the trial court appoint counsel to represent him in connection with his petition. On or around August 6, 2020, Robles's trial counsel contacted the court and stated he would be representing Robles in the trial court in connection with this petition.

The district attorney filed a response to Robles's petition. Therein, the district attorney asserted, "in finding the active participant in a street gang and felony murder special circumstances true, the jury found [Robles] was a major participant in the robbery who acted with reckless indifference to human life, and directly aided and abetted the murder with intent to kill . . . . (§ 190.2, subd[s]., (a)(17), (22).)" Regarding the gang-murder special circumstance (§ 190.2. subd. (a)(22)), the district attorney asserted, the "jury was properly instructed that it must find that [Robles] acted with the intent to kill in order to find the active participant special circumstance true. Thus, in

11

finding the special circumstance true, the jury found that he acted with intent to kill."  Based on these assertions, the district attorney argued Robles could still be convicted of first degree murder under sections 188 and 189, and he could not make a prima facie showing that he is entitled to relief.  The district attorney attached to the response the opinion in Robles's and Jose's direct appeal, the jury's verdicts against Robles, and the jury instructions given during the guilt phase of the trial.[5]

Robles's trial counsel filed a reply brief on Robles's behalf. Therein, counsel argued Robles made a prima facie showing he is entitled to relief, and therefore he is entitled to an evidentiary hearing under section 1172.6, subdivision (d).  Counsel asserted the trial court could not determine Robles is ineligible for relief based on the felony-murder special circumstance "without weighing the evidence, which is forbidden" at the prima facie stage of the proceedings.  Regarding the gang-murder special circumstance, counsel argued the district attorney did not cite case law indicating the finding rendered Robles ineligible for resentencing under section 1172.6 as a matter of law.

 On November 17, 2020, without hearing oral argument from the parties, the trial court issued an order summarily denying Robles's petition "for the following reasons:  (1) [Robles,] who was convicted of first degree murder with a felony murder special circumstance which required a jury finding he was a major participant who acted with reckless disregard for human life, as a matter of law, is not eligible for resentencing under [former] section 1170.95 [now renumbered as section 1172.6], and

---

[5] As set forth above, Hector had a penalty phase because his case was tried as a capital case.

(2) a petition for a writ of habeas corpus is the proper vehicle to challenge the special circumstance findings." The court acknowledged in its order the split of authority among Courts of Appeal at that time regarding whether a pre-*Banks* and *Clark*[6] felony-murder special circumstance finding rendered a petitioner ineligible for relief under section 1172.6 as a matter of law. The court did not specifically address in its order the effect of the gang-murder special circumstance finding on Robles's eligibility for relief. The court attached to its order the opinion in Robles's and Jose's direct appeal, the jury's verdicts against Robles, and the jury instructions given during the guilt phase of the trial.

## DISCUSSION

Robles contends he made a prima facie showing he is entitled to relief under section 1172.6, subdivision (c), and the matter must be remanded for the trial court to issue an order to show cause and hold a hearing under section 1172.6, subdivision (d). For the reasons explained below, we agree.

**I.     Section 1172.6 and Other Applicable Law**

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the

_____

[6] *People v. Banks* (2015) 61 Cal.4th 788, clarifying the meaning of the major participant element of the felony-murder special circumstance; *People v. Clark* (2016) 63 Cal.4th 522, clarifying the meaning of the reckless indifference to human life element of the felony-murder circumstance.

13

following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder. . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."

Senate Bill No. 1437 added the following provision to section 188: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The effect of this amendment was to "eliminate[ ] natural and probable consequences liability for first and second degree murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 849 (*Gentile*).) Senate Bill No. 1437 also added subdivision (e) to section 189, limiting felony murder liability to a person who was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (*Gentile*, at p. 842.)

When a defendant files a facially sufficient petition under section 1172.6, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie

14

showing for relief.  (§ 1172.6, subds. (b)-(c).)[7]  As our Supreme Court explained:  "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

If the trial court issues an order to show cause, the final step in the process is a hearing to determine if the petitioner is entitled to relief, where the trial court must vacate the petitioner's murder conviction and resentence him or her on any remaining counts unless the prosecution can "prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . .

---

[7] We note that at the time Robles filed his petition in July 2020, former section 1170.95, subdivision (c) did not require a hearing at the prima facie stage of the proceedings, and the trial court did not hold one in this case.  We cite to and quote from the current version of 1172.6.  Any amendments to the statute since Robles filed his petition are not material to Robles's contentions on appeal or our analysis of same.

under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

## II. Robles Made a Prima Facie Showing He Is Entitled to Relief

It is undisputed here that Robles filed a facially sufficient petition under section 1172.6, subdivision (b). The question is whether he made a prima facie showing he is entitled to relief under section 1172.6, subdivision (c).

The trial court did not instruct the jury in this case on the natural and probable consequences doctrine, but it did instruct the jury on felony murder. And, as set forth above, the jury returned true findings on the felony-murder special circumstance allegations. In *People v. Strong* (2022) 13 Cal.5th 698, 703 (*Strong*), decided after the trial court denied Robles's petition, our Supreme Court held felony-murder special circumstance findings made before the Supreme Court's decisions in *Banks* and *Clark*—like the felony-murder special circumstance findings against Robles—do not preclude a defendant from making a prima facie showing of eligibility for relief under section 1172.6. A court, in evaluating whether a defendant has made a prima facie case, may not "independently examine[] the record and determine[], applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Strong*, at pp. 719, 720.) Thus, to the extent Robles's jury found him guilty of first degree murder on a theory of felony murder, he has made a prima facie showing he is entitled to relief under section 1172.6, subdivision (c), and we must remand the matter for the trial court to issue an order to show cause and hold a hearing under subdivision (d).

The trial court also instructed the jury on the theory that Robles directly aided and abetted the murders. In the

16

respondent's brief on appeal, the Attorney General argues the jury's true findings on the gang-murder special circumstance allegations demonstrate the jury found Robles directly aided and abetted the murders—a currently-valid theory of murder not affected by Senate Bill No. 1437—and therefore Robles is ineligible for relief as a matter of law. For the reasons explained below, we disagree.

In *Strong*, the Supreme Court indicated "a special circumstance finding that requires proof of intent to kill" "might ordinarily be dispositive" and disqualify a defendant from relief under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 715.) As examples, the Supreme Court referenced the special circumstances defined in section 190.2, subdivision (a)(1), (7)-(13), (15)-(16), and (18)-(21); it did not cite the gang-murder special circumstance at issue here, set forth in section 190.2, subdivision (a)(22). (*Strong*, at p. 715.) As the Attorney General points out, in *People v. Allison* (2020) 55 Cal.App.5th 449, 460, disapproved on another ground in *Strong*, at page 718, footnote 3, we noted, without expressly deciding in that case, that a gang-murder special circumstance finding under section 190.2, subdivision (a)(22) would ordinarily preclude a defendant from making a prima facie showing of eligibility for relief under section 1172.6 because the special circumstance "require[s] that the defendant intentionally killed the victim."

Section 190.2 provides that a gang-murder special circumstance finding may be made against a defendant who is "not the actual killer" but "who, with the intent to kill, aids, abets, counsels, commands, induces, solicits, requests, or assists any actor in the commission of murder in the first degree."

17

(§ 190.2, subd. (c).) In the present case, however, based on the wording of the jury instructions given and the jury's verdicts against Robles, we cannot conclude the jury found Robles directly aided and abetted the murders with intent to kill, notwithstanding the jury's true findings on the gang-murder special circumstance allegations.

While the trial court's jury instructions informed the jury it must consider each special circumstance separately for each defendant, the gang-murder special circumstance instruction (quoted above) did not explain to jurors that if they found a defendant was not the actual killer, they had to find *that defendant* personally acted with intent to kill in order to render a true finding on the gang-murder special circumstance. The felony-murder special circumstance instructions, in contrast, did specifically explain to the jury how to evaluate the felony-murder special circumstance if they found a defendant was not the actual killer: "If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with either the intent to kill or with reckless indifference to human life and was a major participant in the crime for the special circumstance of *Murder While Engaged in the Commission of a Robbery* to be true. If the People have not met this burden, you must find this special circumstance has not been proved true for that defendant." (Italics added.) The jury was given no similar language with respect to the gang-murder special circumstance.

As set forth above, the jury was instructed the prosecution had to prove four elements to prove the gang-murder special circumstance:

18

"1. The defendant intentionally killed Andrew Williams (Count One), Ronald Carter (Count Two), and S[i]necia Miller (Count Three);

"2. At the time of the killing, the defendant was an active participant in a criminal street gang;

"3. The defendant knew that members of the gang engaged in or have engaged in a pattern of criminal gang activity;

"AND

"4. The murder was carried out to further the activities of the criminal street gang."

It was undisputed at trial that Robles did not actually kill anyone. Thus, it is plausible the jury understood this instruction to mean it could return a true finding on the gang-murder special circumstance as to Robles if it found beyond a reasonable doubt that Hector "intentionally killed" the victims (and the other elements of the special circumstance were satisfied).

To be clear, the issue on appeal is not whether there was instructional error, and we reach no conclusion in that regard. Rather, we hold Robles's record of conviction does not show he is ineligible for resentencing under section 1172.6 as a matter of law because the record does not show the jury found him guilty of first degree murder under a still-valid theory of murder: i.e., that he directly aided and abetted the murder with intent to kill. Accordingly, we reverse the order denying his petition for resentencing and remand the matter for the trial court to issue an order to show cause under section 1172.6, subdivision (c) and hold a hearing under subdivision (d).

## DISPOSITION

The order denying the petition for resentencing is reversed and the matter is remanded. Upon remand, the superior court

19

shall issue an order to show cause pursuant to section 1172.6, subdivision (c) and hold a hearing under section 1172.6, subdivision (d).

NOT TO BE PUBLISHED


CHANEY, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.